Pieesoh E. Hildreth, S.
In this intermediate accounting the main question is whether the executors may include the value of stock bequeathed to certain individuals as part of the gross estate on which statutory commissions may be computed. If such stock was disposed of by a specific legacy its value should not be considered (Surrogate’s Ct. Act, § 285, subd. 2).
Decedent, by her will, made several bequests of certain shares of corporate stock to named legatees. The validity, construction and effect of such dispositions was previously determined by this court in a construction proceeding. The opinion rendered in that proceeding by former Surrogate Hazeltoh held that any shares of stock resulting from stock splits or mergers affecting the shares of stock so bequeathed were ‘ ‘ respectively a part of each legacy intended to be bequeathed to the individually named legatees, and do not form a part of the residuary estate.”
That determination of the nature of the legacies was based on a finding of the intent of the testatrix, 11 as gathered from the will as a whole.” That intent was that the legacies of specified shares of corporate stock to specifically named legatees were to be regarded as specific legacies with the result that such legatees would also take as part of the legacy any other shares resulting from stock split or merger. Although neither the decision nor the decree made in the construction proceeding expressly characterized the legacies as specific legacies it is the opinion of the court that it was implicit in the decision that they were so regarded. Accordingly, the value of such shares, including the value of shares passing because of mergers or stock splits, should not be considered in computing commissions. The executors suggest that commissions on such specific legacies in this matter should be allowed as a matter of equity. However, commissions may be allowed only to the extent provided by statute. Having made no provision in her will for the executors in addition to or in lieu of statutory commissions, it must be assumed that the testatrix intended the executors to receive only such commissions as the statute permits. Therefore the objection to computation of commissions as presently set forth is sustained.
*672 The executors have agreed that commissions may be computed only on the net amount of cash realized on sale of real property after payment of charges and expenses. It is correctly indicated that making a partial payment of commissions before allowance on an accounting is unauthorized and improper in the absence of proper application pursuant to section 285-e of the Surrogate’s Court Act.
No fee for accounting services will be allowed as an item in the bill of costs. If the executors seek an allowance for accounting services the expense for the same should be set forth as an item in the account as a necessary expense of administration. (Surrogate’s Ct. Act, § 222.) On a showing of necessity for such services the court may allow the same in a reasonable amount.
The executors may submit an affidavit amending the account to show that an expense for accounting services has been incurred if such is the case, showing the necessity for same, and requesting an allowance for such expense, submit a revised schedule showing computation of executors ’ commissions excluding the stock bequests, after which submit decree on five days’ notice settling account as so amended. Proceed accordingly.